No. _____

6:20-cv-1705-41LRH

# United States District Court for the Middle District of Florida

In re: Sandra Kuba

Petitioner.

Occupational Safety and Health Administration, United States Department of Labor

Respondent.

**EMERGENCY PETITION FOR A WRIT OF MANDAMUS, AND REQUEST FOR EXPEDITED BRIEFING AND DISPOSITION**

Petitioner Sandra Kuba hereby petitions this Court to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), compelling Respondent Occupational Safety and Health Administration, United States Department of Labor ("OSHA") to void an unauthorized withdrawal of her case OSHA Case referred to as The Walt Disney World Company/Kuba/4-2950-18-018 and reinstate the complaint - within thirty (30) days of this Court's grant of the writ - under 29 CFR Part 1980 and RIN 1218 AC10 Procedures for the Handling of Discrimination Complaints Under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002.

## INTRODUCTION

Petitioner Sandra Kuba's claim under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002 was timely filed with the Occupational Safety and Health Administration within 180 days of the retaliatory acts. At that time the Designated Representative for the Petitioner per the Designation of Representative Form was attorney Zhi Gong.

The Petitioner's complaint brought causes of action under the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act") against her former employer The Walt Disney Company (Disney), and certain of its subsidiaries (collectively, "Defendants"), for retaliation by the creation of a hostile work environment that led to the unlawful termination of her position as a Senior Financial Analyst in response to her objections to, opposition to, and complaints filed with internal audit, compliance and top executives about conduct that Petitioner reasonably believed constituted violations of "law, rule or regulation," of the United States Securities and Exchange Commission ("SEC") and other provisions of federal and state law relating to fraud upon shareholders and fraud upon taxpayers.

Petitioner still seeks to recover back pay, front pay, compensatory damages, punitive damages, other special damages, and costs incurred as a result of Defendant's unlawful misconduct.

An employee is protected against retaliation by a covered person for any lawful act done by the employee:

> (1) To provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a

violation of 18 U.S.C. 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud), or 1348 (securities fraud), any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—

> (i) A Federal regulatory or law enforcement agency;
>
> (ii) Any Member of Congress or any committee of Congress; or
>
> (iii) A person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or

(2) To file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of 18 U.S.C. 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

In order to have a "reasonable belief" under Sarbanes-Oxley, a complainant must have both a subjective, good faith belief and an objectively reasonable belief that the complained-of conduct violates one of the enumerated categories of law. See Lockheed Martin Corp. v. ARB, 717 F.3d 1121, 1132 (10th Cir. 2013); Wiest v. Lynch, 710 F.3d 121, 131-32 (3d Cir.2013); Sylvester v. Parexel Int'l LLC, ARB No. 07-123, 2011 WL 2165854, at *12 (ARB May 25, 2011). The requirement that the complainant has a subjective, good faith belief is satisfied so long as the complainant actually believed that the conduct complained of violated the relevant law. See Sylvester, 2011 WL 2165854, at *12 (citing Harp v. Charter Commc'ns, 558 F.3d 722, 723 (7th

Cir. 2009)); Day v. Staples, Inc., 555 F.3d 42, 54 n.10 (1st Cir. 2009) quoting Welch v. Chao, 536 F.3d 269, 277 n.4 (4th Cir. 2008) ("Subjective reasonableness requires that the employee 'actually believed the conduct complained of constituted a violation of pertinent law.' ")). "[T]he legislative history of Sarbanes-Oxley makes clear that its protections were 'intended to include all good faith and reasonable reporting of fraud, and there should be no presumption that reporting is otherwise.' " Sylvester, 2011 WL 2165854, at *11 (quoting Van Asdale v. Int'l Game Tech., 577 F.3d 989, 1002 (9th Cir. 2009) (citing 148 Cong. Rec. S7418-01, S7420 (daily ed. July 26, 2002))).

The objective "reasonableness" of a complainant's belief is typically determined "based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee." *Sylvester*, 2011 WL 2165854, at *12 (internal quotation marks and citation omitted); *Harp*, 558 F.3d at 723. However, the complainant need not show that the conduct complained of constituted an actual violation of law. Pursuant to this standard, an employee's whistleblower activity is protected where it is based on a reasonable, but mistaken, belief that a violation of the relevant law has occurred or is likely to occur. *See Sylvester*, 2011 WL 2165854, at *13 (citing *Welch*, 536 F.3d at 277); *Allen* v. *Admin. Rev. Bd.*, 514 F.3d 468, 476-77 (5th Cir. 2008); *Melendez* v. *Exxon Chemicals Americas*, ARB No. 96-051, slip op. at 21 (ARB July 14, 2000) ("It is also well established that the protection afforded whistleblowers who raise concerns regarding statutory violations is contingent on meeting the aforementioned 'reasonable belief' standard rather than proving that actual violations have occurred.").

## OSHA'S OBLIGATIONS UNDER THE SARBANES OXLEY ACT OF 2002

The Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), Public Law 107-204, was enacted on July 30, 2002. Title VIII of Sarbanes-Oxley is designated as the Corporate and Criminal Fraud Accountability Act of 2002. Section 806, codified at 18 U.S.C. 1514A, provides protection to employees against retaliation by companies with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) and companies required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)), or any officer, employee, contractor, subcontractor, or agent of such companies, because the employee provided information to the employer or a Federal agency or Congress relating to alleged violations of 18 U.S.C. 1341, 1343, 1344, or 1348, or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders. In addition, employees are protected against discrimination when they have filed, testified in, participated in, or otherwise assisted in a proceeding filed or about to be filed relating to any such violation or alleged violation. These rules establish procedures for the handling of discrimination complaints under Title VIII of Sarbanes-Oxley.

The Sarbanes-Oxley whistleblower provisions provide that a covered employee may file, within 180 days of the alleged discrimination, a complaint with the Secretary of Labor ("the Secretary"). The statute requires the Secretary to notify the person named in the complaint and the employer of the filing of the complaint.

Sarbanes-Oxley further provides that the rules and procedures set forth in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21), 49 U.S.C. 42121(b), govern in Sarbanes-Oxley actions. 18 U.S.C. 1514A(b)(2)(A).

5

Accordingly, upon receipt of the complaint, the Secretary must provide written notice to the person or persons named in the complaint alleged to have violated the Act (respondent) of the filing of the complaint, the allegations contained in the complaint, the substance of the evidence supporting the complaint, and the rights afforded the respondent throughout the investigation. The Secretary must then, within 60 days of receipt of the complaint, afford the respondent an opportunity to submit a response and meet with the investigator to present statements from witnesses, and conduct an investigation.

The OSHA whistleblower Investigator is required to be a neutral fact-finder who does not represent either party. The investigator is required to notify the Complainant, Respondent, and appropriate federal partner agency that OSHA has opened an investigation.

The Complainant and the Respondent are encouraged to keep any potential evidence regarding the circumstances of the allegations, including all pertinent emails, letters, notes, text messages, voicemails, phone logs, personnel files, contracts, work products, and meeting minutes.

OSHA is required to ask the Respondent to provide a written defense to the allegations, also known as a position statement. Both parties are expected to actively participate in the investigation and to respond to OSHA's requests. Both parties are also given an opportunity to rebut the opposing party's position.

Sarbanes-Oxley authorizes an award to a prevailing employee of make-whole relief, including reinstatement with the same seniority status that the employee would have had but for the discrimination, back pay with interest, and compensation for any special damages sustained, including litigation costs, expert witness fees and reasonable attorney's fees (18 U.S.C. 1514A(c)(2)). If the Secretary has not issued a final decision within 180 days of the filing of the

6

complaint and there is no showing that there has been delay due to the bad faith of the claimant, the claimant may bring an action at law or equity for *de novo* review in the appropriate district court of the United States, which will have jurisdiction over such action without regard to the amount in controversy.

## OSHA'S UNAUTHORIZED WITHDRAWAL OF PETITIONER'S COMPLAINT

Within eleven days of receiving Respondent's statement, the OSHA Investigator told the Petitioner she would be recommending a dismissal of the complaint and gave Petitioner two options.

1) The OSHA Investigator could either submit a determination of "No Merit," or
2) The Petitioner could "Withdraw" their complaint.

The Petitioner immediately filed a statement and then a formal rebuttal alleging that the Respondent's statement was a pretext. The Investigator then gave the Respondents seven weeks to respond to Petitioner's rebuttal.

Investigators of the Department of Labor OSHA Fort Lauderdale and Tampa offices never interviewed Petitioner as the Complainant as required by Cf, 29 CPR Part 1980.104(e)(2), cf also Workers' Rights, OSHA 3021-11R 2016, page 15.

OSHA Investigators did not display neutrality, but instead gave Petitioner insufficient time to provide a rebuttal to the Respondent's statement, did not share information that Respondent wanted to settle the case as early as the first month; did not pressure Respondent to send

documents they should have provided in the first 20 days (29 CPR Part 1980.104(b)) after Respondent provided only a 3-page statement.

The OSHA Investigator also altered the burden of proof when she changed the wording in the Code of Federal Regulations (Part 1980—Procedures for the Handling of Discrimination Complaints Under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002 Subpart) stating that "In accordance with 29 CFR Part 1980 (SOX), ….the Complainant bears the burden of demonstrating by clear and convincing evidence…"

The OSHA Investigator's alteration of the standard in communications to the Petitioner demonstrates illegal bias in favor of the Respondent. (See OSHA Final Rule, Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, as Amended on 03/05/2015.)

> "For purposes of determining whether to investigate, the complainant will be considered to have met the required burden if the complaint on its face, supplemented as appropriate through interviews of the complainant, alleges the existence of facts and either direct or circumstantial evidence to meet the required showing, i.e., to give rise to an inference that the respondent knew or suspected that the employee engaged in protected activity and that the protected activity was a contributing factor in the adverse action. The burden may be satisfied, for example, if the complaint shows that the adverse personnel action took place within a temporal proximity after the protected activity, or at the first opportunity available to respondent, giving rise to the inference that it was a contributing factor in the adverse action. If the required showing has not been made, the complainant (or the

> complainant's legal counsel, if complainant is represented by counsel) will be so notified and the investigation will not commence."

Only if the complainant does not make the prima facie showing will the investigation be discontinued and the complaint dismissed. See Trimmer v. U.S. Dep't of Labor, 174 F.3d 1098, 1101 (10th Cir. 1999) (noting that the burden-shifting framework of the ERA, which is the same as that under Sarbanes-Oxley, serves a "gatekeeping function" that "stem[s] frivolous complaints"). Even in cases where the complainant successfully makes a prima facie showing, the investigation must be discontinued if the employer "demonstrates, by clear and convincing evidence," that it would have taken the same adverse action in the absence of the protected activity. (See OSHA Final Rule, Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, as Amended on 03/05/2015.)

> "The "clear and convincing evidence" standard is a higher burden of proof than a "preponderance of the evidence" standard. Clear and convincing evidence is evidence indicating that the thing to be proved is highly probable or reasonably certain. Clarke v. Navajo Express, Inc., No. 09-114, 2011 WL 2614326, at *3 (ARB June 29, 2011) (discussing burdens of proof under analogous whistleblower provision in STAA)."

Further statements to the Petitioner by another OSHA Investigator on March 22, 2018 again showed a lack of neutrality when they raised the subject of materiality of internal control issues. Materiality can stem from at least two perspectives: dollar amount of fraud occurring or material internal control weaknesses (or both). However, materiality is not a requirement of an OSHA complaint. It would not be possible for OSHA to make an accurate decision on materiality, even

if it was a factor to be considered given that no one had interviewed the Petitioner nor had the investigators reviewed all of Petitioner's documents.

The OSHA Investigators stated that Respondent wanted to settle the case "in lieu of Respondent providing the documents" requested by OSHA (seven weeks prior). Per records obtained through the Freedom of Information Act, there were several times in December, 2017 and January, 2018 when Respondent offered to settle. However, OSHA never communicated these offers to the Petitioner or her designated representative until March 22, 2018, after petitioner wrote OSHA complaining of their ongoing demonstrations of bias and absence of neutrality.

On April 23, 2018 (the 180th day of Petitioner's complaint), OSHA contacted Petitioner's attorney Zhi Gong by phone for the first time, altering the reasons given for lack of an investigation and lack of due diligence.

Instead of enforcing the intended purpose of the law – to reinstate the whistleblower – Respondent appeared to be in control of the OSHA investigation of Petitioner's termination for whistleblowing all the while that OSHA was supposed to be enforcing the Whistleblower Protection Laws.

Petitioner's attorney Zhi Gong hired another attorney with additional experience for a mediation and to help choose a mediator. A California Attorney, Joel Baruch, was hired to mediate the case outside of OSHA only after OSHA stated they did not have an Alternative Dispute Resolution in the Petitioner's home state and where the retaliation occurred, FL (ADR). There was no mention of OSHA in Baruch's retainer agreement and the retainer for Attorney Zhi Gong was still effective for the OSHA case. Baruch had no authority to request either a Dismissal of the case or

a Withdrawal. Baruch was not given any authority by Petitioner over the actual OSHA case and was never communicated to OSHA as a Designated Representative of the Petitioner.

Petitioner also conveyed limited information on the OSHA case to Baruch. Instead, it was Respondent's attorney, Stephen Berry of the Paul Hastings Law Firm in California that provided the OSHA case number and OSHA investigator name and contact information to Baruch on July 18, 2018. Baruch wrote to OSHA, using an incorrect name of the case on his request to Dismiss – he incorrectly labeled it Sandra Kuba v. Disney Financial Services, LLC Case No. 4-2950-18-018.

The Petitioner never sent a Designation of Representative form regarding Baruch to OSHA. Per the records, including those obtained through the Freedom of Information Act ("FOIA"), the OSHA Designation of Representative form was completed for Zhi Gong and still effective for Zhi Gong.

On 3/22/18, OSHA investigators sent an email to Petitioner and Gong, writing that "nobody in the Agency can discuss anything in the above matter without it" indicating that if Petitioner were to be represented by counsel that Petitioner or her attorney would need to submit a Designation of Representative form. OSHA forwarded Petitioner a copy of the form in effect. Petitioner was also told that Gong would need to submit a Verification of Retention for Legal Services on his letterhead. Kuba submitted both to OSHA on 3/23/18.

Therefore, Gong was the only Representative of Petitioner for the OSHA case at the time of the unauthorized withdrawal. Petitioner never sent OSHA a Designation of Representative form for Joel Baruch, and OSHA had no right to communicate with Baruch nor follow instructions from

11

him per their own written communication on their procedures. Zhi Gong was the representative per the OSHA files.

Moreover, the OSHA Investigators and their leadership were in the May 24, 2018 meeting where there was an agreement that if the mediation did not settle the case, OSHA would do a full investigation which included interviewing Petitioner. The OSHA Investigators and their leadership were all in attendance on the June 4, 2018 email where Attorney Zhi Gong repeated their agreement.

After nine months, there had not been a full and fulsome investigation of Petitioner's case by OSHA. However, OSHA closed the case within 48 hours after receiving Baruch's unauthorized request to "Dismiss without Prejudice" (Baruch's letter dated 7/23/18 and Withdrawal on 7/25/18). Petitioner was not copied on any email between Baruch and OSHA.

Moreover, the OSHA Investigator once more changed the words to accommodate the Respondent. When confirming the Dismissal request with Baruch, the OSHA Investigator altered the wording from "Dismiss without Prejudice" (which would allow the case to be reopened) to "Agency Withdrawal". Baruch erroneously confirmed the "Agency Withdrawal".

## PRAYER FOR RELIEF

If the Secretary of Labor and its designate agency, the Occupational Safety and Health Administration arbitrarily or capriciously fails to seek relief under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, according to the OSH Act of 1970, any employee who may be injured by reason of such failure, or the representative of such employees, might bring an action against the Secretary in the United

12

States district court for the district in which the imminent danger is alleged to exist or the employer has its principal office, for a writ of mandamus to compel the Secretary to seek such an order and for such further relief as may be appropriate.

Under 29 CFR Part 1977.17, "enforcement of the provisions of section 11(c) is not only a matter of protecting rights of individual employees, but also of public interest. Attempts by an employee to withdraw a previously filed complaint will not necessarily result in termination of the Secretary's investigation. The Secretary's jurisdiction cannot be foreclosed as a matter of law by unilateral action of the employee.

The Petitioner entrusted the OSHA office to protect the whistleblower since they are the federal organization entrusted with protecting whistleblowers.

The Petitioner's family has suffered an undue hardship due to the lack of investigation by OSHA and by the unlawful withdrawal of Petitioner's case against Respondent. Petitioner has consistently aided and cooperated with the United States Securities and Exchange Commission, the United States Department of Justice, the California Attorney General, and the Florida Department of Revenue in investigating these allegations under additional reporting governed by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Dodd-Frank Act").

OSHA unlawfully withdrew the Petitioner's complaint and should be compelled to make the unauthorized withdrawal null and void and to reopen the case, with the intention of fully investigating it in an unbiased, neutral fashion, and according to its own procedures for such investigations.

OSHA has the right to re-open an investigation, even if it had previously reached a conclusion and closed it. (Schindler Elevators, 2013)

The Petitioner is also requesting that any statute of limitations be tolled until the entire OSHA process can be completed.

Although this Court has not adopted a specific standard of review against which to judge the lawfulness of OSHA's withdrawal based on the statement of an attorney without a Designation of Representative Form as well as the altering of the request from Dismiss to Withdraw by the OSHA Investigator, Petitioner alleges subject matter jurisdiction under both the Mandamus Act and the federal question statute (28 U.S.C. § 1331), as well as the Administrative Procedures Act ("APA") 5 U.S.C. §§ 555(b) and 706(1).

OSHA did not follow its own procedures in conducting the case from the beginning and in investigating a whistleblower's serious allegations — a situation where multiple employees were terminated and Non-Disclosure Agreements used to separate them — and blatantly disregarded their procedures surrounding the Designation of Representative. Investigators' demonstrations of bias for the Respondent and lack of neutrality have aggravated the Petitioner's pleas for a fair investigation and, ultimately, justice.

All this warrants the court to order OSHA to reverse of the unauthorized withdrawal and re-open the Case. Given the Statute of Limitations on the Case and the hardship the family has endured with these unprofessional actions and resultant delays, an order from this Court requiring OSHA to reopen the Case within thirty (30) days is both necessary and appropriate.

This Court has not hesitated in the past to impose a timetable to govern OSHA regulatory action when it has found such judicial action necessary. *Pub. Citizen Research Grp. v. Auchter,* 702 F.2d at 1153; *UAW v. Donovan,* 765 F.2d at 165.

Moreover, compelling OSHA to act within thirty days is appropriate because OSHA will not suffer any undue hardship by conducting this administrative function. A Tolling Agreement for the Statute of limitations was signed by representatives of Petitioner and Defendant on April 1, 2019 which will only terminate upon written notice by either Party to counsel for the other Party, which has not occurred to date. Therefore, the statute is tolled and Petitioner is not requesting for additional time to be added to the case. OSHA could finish a six (6) month investigation from beginning to end since the tolling has already added almost eighteen (18) months to the case.

## CONCLUSION

For the foregoing reasons, this Court should grant a writ of mandamus compelling OSHA to make the prior unauthorized Withdrawal Null and Void and reopen the case to begin conducting a full investigation according to its required procedures within thirty (30) days of that grant.

Respectfully Submitted,

Sandra Kuba

9609 Leeside Court

Windermere, FL 34786

407-294-6861

| | |
|---|---|
| US Department of Labor | US Department of Labor |
| Office of the Assistant Secretary | Larry D. Turner, Acting Inspector General |
| Occupational Safety and Health Administration | Office of the Inspector General |
| Room S2315 | Room S-5502 |
| 200 Constitution Avenue | 200 Constitution Avenue, NW |
| Washington, DC 20210 | Washington, DC 20210 |
| 202-693-2000 or 800-321-6742 | 866-487-2365 |
| www.OSHA.gov | www.dol.gov |

<u>Sandra L. Kuba</u>

*Sandra L Kuba*

*Petitioner*

9609 Leeside Court
Windermere, FL 34786

407-450-3413

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2020, I caused a copy of this Emergency Petition to be served on Respondent by electronic and overnight mail delivery to:

>Kate S. O'Scannlain
>
>Solicitor of Labor
>
>United States Department of Labor
>
>200 Constitution Ave., N.W.
>
>Washington, D.C. 20210
>
>OScannlain.Kate.S@dol.gov

>Edmund Baird
>
>Associate Solicitor (Acting) for Occupational Safety & Health
>
>United States Department of Labor
>
>200 Constitution Ave., N.W.
>
>Washington, D.C. 20210
>
>Baird.edmund@dol.gov

Sandra L. Kuba

*Petitioner*
